United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OKI America, Inc, et al., | No. C 04-3171 CRB  (JL) |
| Plaintiffs, | |
| v. | **ORDER DENYING MOTION TO QUASH DEPOSITION OF PANKAJ DIXIT (Docket #227) AND GRANTING MOTION TO COMPEL DEPOSITION (Docket # 228)** |
| Advanced Micro Devices, Inc, et al., | |
| Defendants. | |
| _____/ | |

## Introduction

All discovery in this case has been referred by the district court (Hon. Charles R. Breyer) as provided by 28 U.S.C. §636(b) and Civil Local Rule 72. The parties' motion to quash and motion to compel the deposition of non-party Pankaj Dixit was submitted without oral argument as provided by Civil Local Rule 7-1(b). The Court considered the pleadings of counsel and hereby denies the motion to quash and grants the motion to compel the deposition of Mr. Dixit.

## Analysis and Conclusion

Mr. Dixit is one of the named inventors of the patent-in-suit. Mr. Dixit's co-inventor, Dr. Richard Klein, testified that Mr. Dixit filled out the papers recommending that AMD seek a patent on their invention. OKI contends that Mr. Dixit is therefore in the best position of all the inventors to authenticate and describe the invention disclosure he authored. AMD

1  responds that Mr. Dixit remembers little, if anything, of events that occurred twenty years
2  ago. If so, says OKI, the deposition will be short. The possible memory lapse of a witness
3  does not justify quashing the subpoena for his deposition.

4      When Plaintiff subpoenaed Mr. Dixit as a fact witness he demanded $750 per hour
5  as an expert witness and AMD's primary objection to his being deposed is that OKI is
6  improperly attempting to elicit his expert opinion without paying him for it. OKI responds
7  that it seeks to ask Mr. Dixit factual questions - based on his personal knowledge – as to
8  what he did, when he did it, how his invention worked, what he said about it and what he
9  meant by various words in patent-related papers he wrote or agreed to. If AMD objects to
10 some of OKI's questions as being outside the scope of Mr. Dixit's factual knowledge, it may
11 object and move for a protective order.

12     AMD has no right under the Rules to limit Mr. Dixit's deposition to one hour or to his
13 being deposed on written questions.

14     AMD attempts to use Mr. Cronin as an example of why this Court should quash Mr.
15 Dixit's deposition. It claims that OKI tried also to abuse Mr. Cronin by attempting to use him
16 as an expert witness while compensating him with the modest sums tendered to a fact
17 witness. Mr. Cronin's example does not serve AMD very well, since the trial judge in that
18 instance denied AMD's motion to quash the subpoena for his deposition.

19     For all the above reasons, this Court denies the motion to quash and grants the
20 motion to compel. Mr. Dixit's deposition shall go forward as soon as possible, but not later
21 than August 18, 2006, unless the parties stipulate to a later date.

22     IT IS SO ORDERED.

23 DATED: August     2006

_____
JAMES LARSON
Chief Magistrate Judge