United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OKI America, Inc, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>Advanced Micro Devices, Inc, et al.,<br><br>    Defendants.<br>_____/ | No. C 04-3171 CRB  (JL)<br><br>**DISCOVERY ORDER**<br>**(Docket #s 234, 235, 240, 261, 266, 271, 272, 319)** |

**Introduction**

All discovery in this case has been referred by the district court (Hon. Charles R. Breyer) as provided by 28 U.S.C. §636 and Civil Local Rule 72. The parties' discovery motions came on for hearing. David Ross and Melinda Morton appeared for Plaintiff OKI America Inc. ("OKI"). Michael Smith and Adam V. Floyd appeared for Defendant Advanced Micro Devices ("AMD"). The Court considered the moving and opposing papers and the arguments of counsel and enters its order as follows.

**Discovery Disputes**

The parties filed joint and separate statements regarding a number of discovery disputes, specifically:

1    OKI's Motion to compel deposition of Christopher Ryan (Docket # 234); [1]

2    OKI's Motion to compel 30(b)(6) deposition of AMD (Docket # 235);

3    OKI's Motion to expedite discovery (Docket # 240).

4    AMD's motion to compel unredacted reports analyzing AMD's products (Docket #

5    261);

6    OKI's motion to compel production of documents related to Japanese Proceeding

7    Re AMD's Japanese Counterpart to U.S. Patent # 4,960,732 (Docket # 266);

8    OKI's motion to compel production of documents in response to OKI's Third and

9    Fourth Sets of Requests for Production of Documents (Docket # 271);

10    OKI's motion to compel answers to its fourth set of interrogatories (Docket # 272);

11    The parties brought new disputes to the Court's attention which are discussed

12 below.

### Result of Meet and Confer

In their Joint Statement the parties advised the Court that they had resolved OKI's motion to compel Responses to Interrogatories and Document Requests **(Docket #s 271 and 272**) but needed the Court to give AMD a deadline to respond. The Court at the hearing confirmed the parties' agreement that documents be produced by August 25.

The parties also resolved AMD's motion to compel unredacted reports analyzing AMD's products (**Docket # 261**) This motion shall be deemed withdrawn.

At the hearing the parties advised the Court that they had resolved OKI's motion to expedite discovery **(Docket # 240)**. This motion shall be deemed withdrawn.

The parties were not able to resolve OKI's motion to compel Rule 30(b)(6) deposition of AMD (**Docket # 235**) or AMD's motion to compel documents related to Japanese proceedings with respect to the counterpart patent (**Docket # 266**).

---

[1] The dispute over the deposition of Christopher Ryan is resolved by Judge Breyer's order e-filed at Docket # 297 and is therefore off-calendar.

The parties also advised the Court of two new disputes: AMD's motion to compel inspection of OKI product layouts and AMD's motion to compel financial documents and deposition testimony. (**Both in Docket # 319**)

With respect to the remaining disputes, the Court finds as follows:

**OKI's Motion to Compel Rule 30(b)(6) Deposition of AMD (Docket # 235)**

OKI moves to compel AMD to produce witnesses to testify under FRCP 30(b)(6) concerning the conception, reduction to practice, and prosecution of the AMD patents in suit, and AMD's internal practices and procedures in regard to prosecuting such patent applications. Specifically, the parties dispute the adequacy of AMD's response to OKI's request for testimony on three topics, Numbers 37, 38 and 39.

**Topic 37** - The dates, circumstances, and identity of persons involved in the conception, reduction to practice and/or reasonable diligence in reducing to practice of the subject matter of each asserted claim of the AMD patents in suit.

**Topic 38** - The nature and location of all documents that AMD keeps that disclose or relate to the conception, reduction to practice and/or reasonable diligence in reducing to practice of the subject matter of each asserted claim of the AMD patents in suit.

**Topic 39** - The prosecution of the patents AMD has asserted in this case, including AMD's prosecution practices, the persons involved in prosecuting the patents, and the nature and location of all documents that AMD keeps that disclose or related to the prosecution of patents.

AMD responds that the three AMD patents (Allen '678, Dixit '732 and Patel '830) were filed between 1983 and 1988 and very few of the people who were involved are still at AMD. AMD made available to OKI all who were currently at AMD and even some who were not and some were deposed. AMD also provided last known addresses for those who were former employees.

Likewise, many of the documents which would inform AMD's corporate knowledge are no longer available. AMD has produced all documents that it still has relating to the topics.

1    AMD is willing to provide a declaration to the effect that has provided OKI with the
2 full extent of its knowledge on the 30(b)(6) topics.
3    AMD says it has no additional information on **Topic 37** beyond that already provided
4 to OKI and it would be burdensome for AMD to provide a witness to state this.
5    **Topic 38** - AMD produced all documents on this topic "many months ago," as they
6 are kept in the ordinary course of business. The manner of their production shows their
7 "nature and location." AMD has no other information on Topic 38 beyond that already
8 provided to OKI.
9    **Topic 39** - AMD questioned all inventors still employed by AMD and provided last
10 known addresses for all inventors no longer employed by AMD and produced all
11 documents on this topic. Landon Allen, sole inventor on the Allen '678 patent, was deposed
12 on this topic and Richard Klein, an inventor on the Dixit '732 patent, was deposed and
13 questioned on this topic. AMD has no additional information on Topic 39 beyond that
14 already given to OKI.
15    OKI seeks a sworn declaration by a witness authorized to bind the corporation to the
16 effect that AMD has no further knowledge on the 30(b)(6) topics.
17    The Court hereby orders AMD to provide such a sworn declaration from a witness
18 authorized to bind the corporation, but denies the motion to compel AMD to produce such a
19 witness for questioning. AMD is advised that it may be precluded at trial from introducing
20 evidence on these topics which was not provided to OKI.
21    **Documents Related to Japanese Counterpart Patent (Docket # 266)**
22    AMD moves to compel OKI to produce documents related to OKI's efforts to
23 invalidate the Japanese counterpart to AMD's U.S. patent # 4,960,732, (the "'732 patent").
24 The Court finds that OKI should produce all such documents, rather than any limited
25 universe of its choosing, since such documents are relevant to claims of invalidity and
26 infringement and OKI fails to show any good cause for not producing them. The mere fact
27 that AMD is a party to the Japanese proceedings does not exempt OKI from producing
28 what documents it possesses. Any concerns about privilege may be dealt with by

1  producing a privilege log and by use of the protective order. Magistrate Judge Seeborg in
2  this district in another case decided the issue of the relevance of such documents and this
3  Court agrees with his reasoning:

> Documents related to foreign patent prosecution and prior art may be relevant to the validity and enforceability of a U.S. patent. See 35 U.S.C. § 102 and 35 U.S.C. § 119. Moreover, Regal fails to explain specifically how such production would be unduly burdensome or excessively costly so as to justify cost-shifting. Bills v. Kennecott Corp., 108 F.R.D. 459, 462 (D.C.Utah 1985); Fed.R.Civ.P. 26©). Regal's motion, therefore, is denied. Regal will produce all documents not protected by the attorney-client privilege and work-product doctrine which 1) refer or relate to preparation and/or prosecution of any foreign patent application related to or claiming priority from a patent application that led to the '152 patent and 2) all prior art known to Regal relating to the subject matter disclosed or claimed in the '152 patent or any U.S. or foreign patents or patent applications corresponding in whole or in part to such patent, which would include prior art cited or referred to during the preparation or prosecution of any such patents or patent applications. Should Regal claim that any documents are privileged or otherwise protected from disclosure, it shall provide a privilege log, identifying the specific documents and the basis for asserting the privilege or protection.
>
> *Regal Electronics, Inc. v. Pulse Engineering, Inc.* 2005 WL 3078983, *3 (N.D.Cal.,2005)

OKI objects on the grounds of privilege and this Court finds that many of the documents may indeed be privileged, as decided in the *Eisai* case:

> The principal issue raised by this dispute is whether the United States courts should recognize a privilege in documents reflecting legal advice provided by Japanese legal professionals known as benrishi or requests for such advice. FN1 Benrishi act essentially as patent agents or patent prosecution attorneys (Ross. Decl., Ex. D, Suzuki Aff. ¶ 7); they may represent clients in the prosecution of patents and other intellectual property rights before the Japanese Patent Office, advise clients on contracts relating to intellectual property rights, and assist Japanese attorneys, known as bengoshi, in representing clients in intellectual property litigation. ( Id. ¶¶ 3-4, 7; Ross Decl., Ex. C, Masuda et al. Aff. ¶ 8, Ross Decl., Ex. E, Katayama Decl. ¶ ¶ 4-5). Judge Fox ruled that Japanese law accords such a privilege, which American courts should respect as a matter of comity. (Order at 8-10.) His decision in this regard is in accord with that of every federal court that has considered the question since a change in the Japanese statutes on the subject in 1998.
>
> *Eisai Ltd. v. Dr. Reddy's Laboratories, Inc.* 406 F.Supp.2d 341, *342 (S.D.N.Y.,2005)

Accordingly, OKI shall produce the requested documents, and a privilege log for any documents withheld on the basis of privilege, within five days of the e-filing of this order.

**Motion to Compel Product Layouts, Depositions and Financials (Docket # 319)**

With respect to AMD's motion to inspect OKI's product layouts at the office of AMD outside counsel, (**Docket # 319 part one**), AMD requests that for the convenience of its counsel the product layout be stored on a standalone computer, stored in a locked room, with no additional copies created, and with the original copy later returned or destroyed, in accordance with the protective order in this case, at the conclusion of the litigation.

The Court finds that such an arrangement is inappropriate for highly confidential proprietary material. The Court agrees with OKI that these files are among OKI's most valuable and secret assets. They reside on closely guarded computer systems in Japan, and are all that a competitor would need to produce exact replicas or "clones" of OKI's chips. Even an inadvertent disclosure of such information could spell economic catastrophe for OKI.

The product layouts shall be produced at the office of OKI outside counsel, where they will remain under OKI's direct control and supervision.  OKI has offered these files or paper copies of portions of the data for review by AMD counsel and experts for some time. Any prejudice to AMD results as much from its own delay as from the location of the inspection. AMD shall inspect the layouts as soon as possible, on or before September 15.

With respect to AMD's motion to compel financial documents and depositions (**Docket Number 319 part two**), OKI asks the Court to deny the motion to compel production of financial documents as untimely, since it was been filed more than seven days after the close of fact discovery on July 7.

Under Civil Local Rule 26-2, motions to compel were due July 14. AMD filed its motion one month later, on August 16. AMD contends it is seeking these documents in response to OKI's expert "using a document not produced until after AMD's expert report was due. . ." AMD also contends that OKI produced a disc with 29,000 pages of materials pertaining to the financial issues to be discussed at depositions. The materials were not in electronic format and not searchable.

Numerous judges in this district have denied motions to compel on the basis that they were untimely filed. *See Walker & Zanger Inc. v. Paragon Indus.*, 2006 WL 1581969 (N.D.Cal. 2006) (refusing to consider motion to compel filed more than seven days after close of fact discovery); *Digital Envoy, Inc. v. Google, Inc.*, 2006 WL 824412 (N.D.Cal. 2006); ("the motion will now be denied on the grounds that it was initially filed in violation of Local Civil Rule 26-2"); *Ayesh v. Fair Isaac Corp.*, 2005 WL 1562786 (N.D. Cal. 2005) (denying motion for continuance to file belated motion to compel because, "the date to bring a motion to compel under Civil L.R. 26-2 has passed.")

On the merits of the motion to compel financial documents, OKI is outraged that AMD is demanding exactly the kind of documents that AMD refused to provide. OKI says it was forced to spend almost $25,000 to convert AMD's documents into a searchable electronic format, after AMD produced its documents in unsearchable "tiff" format. Further, AMD produced its materials in a form that did not correspond to OKI's infringement contentions and not in Microsoft Excel, as OKI had requested.

OKI says it provided its financials in exactly the same "tiff" format in which AMD produced its financials and that AMD must be prepared to spend money to convert it, the same way OKI had to. OKI reminds the Court that in the case AMD relies on, *Super Film of America, Inc. v. UCB Films*, 219 F.R.D. 649 (D. Kan. 2004) the requesting party had itself

provided the requested material in electronic format, "something that AMD has repeatedly refused to do." *Id.* at 657.

The Court finds that AMD's delay is unjustified and that its motion should be denied because it is asking OKI to do something AMD itself refused to do. Both motions in Docket # 319 are therefore denied.

IT IS SO ORDERED.

DATED: August 31, 2006

_____
JAMES LARSON
Chief Magistrate Judge

G:\JLALL\CHAMBERS\CASES\CIV-REF\04-3171\ord-271, 272, 235, 266, 319.wpd