United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Oki America, Inc, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>Advanced Micro Devices, Inc, et al.,<br><br>    Defendants.<br>_____/ | No. C 04-3171 CRB  (JL)<br><br>**ORDER DENYING MOTION TO COMPEL DOCUMENTS AND DEPOSITION (Docket # 398)** |

## Introduction

All discovery in this case has been referred by the district court (Hon. Charles R. Breyer) as provided by 28 U.S.C. §636(b) and Civil Local Rule 72. The parties submitted separate statement regarding a discovery dispute, as provided in this Court's Standing Order. The matter is suitable for submission without oral argument as provided by Civil Local Rule 7-1(b).

## The Dispute

AMD asks the Court to order Oki to: (1) disclose the work on which Troxel's opinions are based and (2) make Lexicon [1]  available for deposition."

Richard B. Troxel is Oki's testifying damages expert. Lexecon is a non-testifying consulting company that Oki used to assist Troxel in arriving at a reasonable royalty for the

---

[1] The Court assumes this is the word processing program's attempt to be helpful and "correct" the spelling of Lexecon.

AMD patents. AMD contends that Lexecon's contribution to Troxel's conclusion is significant and justifies AMD's need to obtain the Lexecon documents and a deposition of Lexecon. AMD characterizes Troxel's royalty as "low," based on an "implied" royalty rate.

Troxel's method for calculating that royalty began with Lexecon's determination of the average sales price for the Oki devices accused of infringing AMD's patents, broken down semi-annually over the damages period. (Rebuttal Expert report on Damages at Ex. E). AMD contends that Lexecon calculated the average sales price as "[t]otal revenue for the products assumed to be infringing AMD's patents." (Troxel Depo at 66-67). AMD interprets this to mean the compensation base for the products accused of infringing AMD's patents.

However, AMD complains, Lexecon did not share that compensation base calculation with Troxel. (*Id.* At 65) Oki's alleged motive is to prevent that information from being disclosed to AMD. However, Troxel independently verified many of Lexecon's calculations.

### Meet and Confer

On September 8 AMD wrote to request that Oki provide the back-up material upon which Lexecon's calculations were based and Lexecon's deposition. Oki refused. Apparently, this constituted the parties' attempt to meet and confer. This Court by its Standing Order requires that parties meet and confer in person to attempt to resolve any discovery dispute before resorting to the Court. There are local counsel on both sides of this case, and counsel in Washington, D.C. and in Texas could have met and conferred by telephone, rather than merely by letter. Since the Court is denying the motion, it will overlook this lack of compliance.

### Analysis

AMD contends that a party may depose "an assistant or collaborator who provided substantial assistance to a testifying expert." *Dura Automative Systems of Indiana, Inc. V CTS Corp.*, 285 F3d 609, 612-614 (7th Cir. 2002) (while persons providing assistance in formulating expert opinion normally need not testify, "opposing party can depose them in

order to make sure they performed their tasks competently"); *Herman v Marine Midland Bank*, 207 F.R.D. 26, 31 (W.D.N.Y. 2002) ("In this case the evidence clearly demonstrates that the expert report submitted by Mr. Gordon was the result of substantial collaborative work by he and Mr. Sommer . . . Under the circumstances, the fruits of Gordon Associates' labor is indivisible, and defendant is entitled to explore what Mr. Sommers did.")

These cases are distinguishable from the case at bar. Unlike the arrangement in *Dura Automotive*, in this case Lexecon provided its conclusions to Troxel, who independently verified them before submitting them in his expert report. He himself did not have access to the underlying data and therefore could not have relied on it in formulating his conclusions. Nor was his report the "fruit of substantial collaborative work" with Lexecon. Lexecon provided its calculation and he used it. The proposed deponent in the *Herman* case was the co-author of the expert's report. Lexecon did not co-author Troxel's report.

Non-testifying experts are treated differently from testifying experts. For testifying experts, a party must timely disclose the experts' identity and permit discovery of materials considered by those testifying experts. Fed. R. Civ. P. 26(a) & (b).

With respect to Mr. Troxel, Oki's testifying expert, OKI contends, and AMD does not dispute, that Oki provided all materials prepared by Lexecon that Mr. Troxel reviewed in forming his opinions in this case.

For non-testifying experts, the "facts known or opinions held by" a non-testifying expert are discoverable only "upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means." *Id.* 26(b)(4)(B) (emphasis added).

Exceptional circumstances exist where "the condition observed by the expert is no longer observable," *Hollinger Int'l Inc. v. Hollinger Inc.*, 230 F.R.D. 508, 522 (N.D. Ill. 2005), where the costs of an independent examination "would be judicially prohibitive," *Vincent v. Mortman*, 2006 WL 2349448, at *2 (D. Conn. Aug. 11, 2006), or where "there are no other

available experts in the same field or subject area" *FMC Corp. v. Vendo Co.*, 196 F. Supp. 2d 1023, 1046 (E.D. Cal. 2002).

No exceptional circumstances in this case justify non-testifying expert discovery. With respect to Lexecon, Oki's non-testifying expert, AMD makes no attempt to carry its "heavy burden" of proving the existence of "exceptional circumstances" sufficient to compel discovery. The calculations Lexecon performed at Oki's request were made with the same financial information that Oki has already produced to AMD. Thus, AMD has all it needs to perform its own calculations. Because AMD has other avenues to obtain "facts or opinions on the same subject by other means," Fed. R. Civ. P. 26(b)(4)(B), there is no justification for subjecting Lexecon to a deposition regarding its work product.

Oki contends and AMD does not deny that Exhibit E to Mr. Troxel's rebuttal report, which AMD claims demonstrates its "need for discovery relating to [Lexecon's] work," indeed undermines AMD's position. Exhibit E to Mr. Troxel's report includes Lexecon's calculation of the average sales price for certain Oki products. AMD's motion acknowledges that this calculation is based on "total revenue for the products assumed to be accused of infringing divided by the total units for said products," but that Lexecon "did not share that compensation base calculation." On the contrary, the calculation Lexecon used is explicit in the very sentence AMD's motion quotes: total revenue / total units = average sales price. Oki contends, and AMD does not deny that all of the data used in this calculation, explicitly referenced in Exhibit E, has already been produced to AMD (and is cited in Exhibit E using the same Bates labels present on AMD's copies of this information).

The work product AMD seeks from Lexecon is the same work product that AMD's experts could have created using the information Oki has produced. Instead, AMD wants to get it directly from Lexecon, Oki's non-testifying consultant. This is contrary to the Federal Rules.

AMD received all the material Mr. Troxel reviewed, and has had a full and fair opportunity to probe Mr. Troxel's knowledge about that material. In such circumstances, court after court has refused to permit discovery from non-testifying experts. *See Doe v.*

*District of Columbia*, 231 F.R.D. 27, 40-41 (D.D.C. 2005) (denying motion to compel information from non-testifying expert, where "other means" to obtain information existed by reviewing testifying expert's report, and by reviewing the material collected by non-testifying expert and reviewed by testifying expert); *Hollinger*, 230 F.R.D. at 522 (denying non-testifying expert discovery where "[d]efendants have the factual information underlying the disclosed portion of Cook's analysis and may retain their own expert to conduct their own analyses"); *Chiquita Intern. Ltd. v. M/V Bolero Reefer*, 1994 WL 177785, at *1-*2 (where requesting party's own experts were equally capable of making the inspection that opposing party's non-testifying expert had made, denying discovery because "the failure of International Reefer to engage its own marine surveyor in a timely manner should not be rewarded by permitting discovery of Chiquita's expert").

The only cases AMD cites are inapposite; as AMD admits, they involve "the work of an assistant or collaborator." Mot. at 1. Mr. Troxel – who is not a lawyer and is not familiar with the nuances of the Federal Rules of Civil Procedure – referred at his deposition to Lexecon as providing "assistance." Troxel Dep. Tr. 167:16-18.

Under Rule 26, however, Lexecon – a leading economic consulting firm here providing specialized services in accounting and damages calculations at Oki's direction – served as a non-testifying expert. Lexecon has uniformly been treated as an expert when providing testimony on damages. *See, e.g., Abrams v. Van Kampen Funds, Inc.*, 2005 WL 88973, at *8-*9 (N.D. Ill. Jan. 13, 2005); *In re Cylink Secur. Litig.*, 274 F. Supp. 2d 1109, 1114 (N.D. Cal. 2003). It has used that same specialized skill and experience to provide work product in this case.

## Conclusion and Order

The cases AMD cites have no bearing on the instant dispute, which involves the work product of an independent non-testifying expert using information possessed by both parties.

AMD has not demonstrated exceptional circumstances warranting discovery from a nontestifying expert. In the absence of such a showing, Fed. R. Civ. P. 26(b)(4)(B) prohibits

discovery from a non-testifying expert such as Lexecon, and AMD's motion should be and is denied.

IT IS SO ORDERED.

DATED: September 27, 2006

_____
JAMES LARSON
Chief Magistrate Judge

G:\JLALL\CHAMBERS\CASES\CIV-REF\04-3171\ord-deny-398.wpd