**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OKI AMERICA, INC., et al., | No. C 04-03171 CRB |
|     Plaintiffs, | **ORDER** |
|   v. | |
| ADVANCED MICRO DEVICES, INC., | |
|     Defendant.                       / | |
| AND RELATED COUNTERCLAIMS     / | |

Oral argument on the parties' partial summary judgment motions is scheduled for hearing at 2:00 p.m. on Monday, November 6, 2006. At oral argument, the parties should focus their discussion on the issues raised by the following questions.

Re the Allen patent (US Patent No. 4,518,678):

1. Is there evidence in the record, aside from evidence related to the photographs produced at the request of Dr. Fair, that Oki's photoresist coating processes, in which photoresist is put on one side of the wafer, does not, under any circumstances, also yield photoresist on the other side of the wafer?

Re the Patel patent (US Patent No. 4,737,830):

2.   (a) If what matters in the construction of the term "electrode means comprising a source/drain" is the presence of "distinct regions," what distinction(s) and lack of distinction(s) between the "doped region" and the "electrode means" are necessary to the construction?

(b) Can the fact that a portion of the lower plate is vertically accessible (that is, it extends horizontally beyond the dimensions of the upper plate) render that portion "distinct"?

Re the Dixit patent (US Patent No. 4,960,732):

3.   (a) Does the "about 2.0 $\mu m^2$ in area" narrowing amendment made to claims of the parent patent similarly limit the scope of claims in the '732 divisional patent if that narrower language is not explicitly present in the later claims?  Cite cases to support your argument.

(b) Regardless of the above, is the Dixit '732 patent still patentable over the Thomas patent (US Patent No. 4,640,004) in view of the limitation "contact holes of substantially uniform size" of claim 1?

(c) Provide a construction of the terms "contact holes" and "contact plug" found in claim 1, with particular focus on physical size and shape.

Re the Kurachi patents (US Patent No.'s 5,739,571 and 5,856,694):

4.   (a) On what basis in the record could a trier of fact conclude that AMD's "lubistor" performs substantially the same function, in substantially the same way, to achieve substantially the same result as the protection MOSFET of the claims?

(b) Is substantially the same result achieved by AMD's lubistor as by the claimed protection MOSFET under all relevent operating conditions? And is that result achieved in substantially the same way?

  (c) Why would, or would not, a reasonable competitor understand that the "lubistor" structure was disclaimed as a protection element in a protection circuit by Kurachi during prosecution, and what does the prosecution history and the reasons for cancellation of the relevant claims indicate about the scope of the disclaimer?

Re the Sawamura patent (US Patent No. 6,495,855):

5. Is the Smithkline Beecham v. Apotex, 439 F.3d 1312 (Fed. Cir. 2006) ruling regarding product-by-process claims dispositive to the validity of claims 1 and 7?

Each side will be permitted no more than 45 minutes for argument.

**IT IS SO ORDERED.**

Dated: October 31, 2006       CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE